The document below is hereby signed.

Signed: February 20, 2019

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
STACEY ANN MAKELL,                 )    Case No. 19-00066
                                   )    (Chapter 7)
               Debtor.             )    Not to be published in
                                   )    West's Bankruptcy Reporter.

MEMORANDUM DECISION RE DISMISSING CASE FOR
FAILURE TO FILE CERTIFICATE OF PREPETITION CREDIT COUNSELING

The debtor has filed a postpetition certificate of credit
counseling (Dkt. No. 23) and the debtor does not qualify as a
debtor under 11 U.S.C. § 109(h).  Accordingly, the case must be
dismissed.

I

The debtor commenced this case by filing a voluntary
petition on January 25, 2019, at 12:15 p.m. EST.  The debtor
filed a certificate of credit counseling on February 4, 2019,
which certified that the debtor received credit counseling
**postpetition** on January 25, 2019, at 8:06 p.m. CST (or 9:06 p.m.
EST).  The court issued an order on February 9, 2019, requiring
the debtor to file a certificate of **prepetition** credit counseling
or show cause why the case ought not be dismissed.

The debtor contends in her response that she has completed several credit counseling courses in the past three years and believed that an older certificate of credit counseling met the requirements under 11 U.S.C. § 109(h)(1). The debtor realized upon returning home after filing the petitition that the previous certificate of credit counseling would not work. She immediately took the course to mitigate the problem by having a certificate of credit counseling on the same day as the filing of her petition.

The debtor also indicates that she suffers from stress, anxiety, panic attacks, sleep deprivation, and memory loss due to long hours at work and her legal battles and efforts to prevent the mortgagee from foreclosing on her home. Additionally, she contends that the medication she takes for these problems has negative side effects toward her mental status. She asserts that this decreased mental ability is another cause for her to mistakenly believe that an older certificate of credit counseling fell within the statutory requirements.

The debtor asserts that she initiated an emergency chapter 7 bankruptcy filing, but does not indicate why the filing of the bankruptcy case was an emergency. It may be that the debtor was once again trying to prevent a foreclosure of her home, but she does not indicate that this was the reason for the emergency filing.

2

## II

Under § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy.  However, under § 109(h)(3)(A), the debtor is excused from filing a certificate of prepetition counseling if the debtor:

submits to the court a certificate that—

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and

(iii) is satisfactory to the court.

The debtor does not indicate any exigent circumstances that merit a waiver of the requirement that the debtor obtain prepetition counseling.  The debtor's mental status is not an exigent circumstance, and the debtor does not state why the filing of this chapter 7 bankruptcy case was an emergency.  It may be inferred that the debtor filed the chapter 7 bankruptcy to prevent a foreclosure on the home, but the debtor does not indicate why the foreclosure on her home rose to the level of an exigent circumstance.  D.C. Code § 42-815(c) requires 30-day notice of a foreclosure, therefore, presumably, the debtor knew for some time that the mortgagee intended to foreclose, and was

3

taking action, to foreclose on her home.  Moreover, the debtor asserted in her response that she has long been in legal battles to prevent the foreclosure of the home.  There is no evidence that this particular case rose to an exigent circumstance.

Moreover, even if the court did find exigent circumstances, the debtor would not qualify for a § 109(h)(3) exception.  The debtor is also required to show that she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain [credit counseling] during the 7-day period beginning on the date on which the debtor made the request."  The debtor's response indicates that the debtor was able to obtain credit counseling during the 7-day period after requesting it.  The debtor requested credit counseling on the day she filed the petition and completed it that same day.  Finally, the certificate is not satisfactory to the court.  Accordingly, the debtor does not qualify as a debtor under § 109(h)(1), and this case must be dismissed.

III

For all of these reasons, an order follows dismissing this case.

[Signed and dated above.]

Copies to: Debtor; e-recipients of orders.

4